**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | | |
|---|---|---|
| JOSE PEREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:10-CV-253 |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

This matter is before the court on a Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus by a person in State Custody filed by Jose Perez, a *pro se* prisoner, challenging a disciplinary determination made by a hearing officer at Indiana State Prison ("ISP") under case number ISP 09-12-0021. (DE #1.) For the reasons set forth below, the Court: (1) **DENIES** the petition (DE #1); and (2) **DENIES** the petitioner's motion for discovery (DE #9).

BACKGROUND

On December 2, 2009, Correctional Officer Robert Foster prepared a conduct report charging Perez with unauthorized possession of an electronic device, namely, a cell phone. (DE #5-1.) The conduct report stated the following:

> On 12-02-09 approximate[ly] 12:10 a.m. offender Perez #169896 West 108 was talking on a cell phone. I ask[ed]

> him for[] the phone he said he didn't have it. I told
> him to get up he did but thr[e]w the phone across the
> room. I couldn't fin[d] the cell phone.

(DE #5-1.)

On December 4, 2009, Perez was notified of the charges and given a copy of the conduct report. (DE's #5-1 & #5-2.) He pled not guilty, requested a lay advocate, declined to request any witnesses, and requested that the cell phone be produced as evidence. (*Id.*)

On December 9, 2009, a hearing officer conducted a hearing on the charge. (DE #5-4.) Perez made the following statement: "They didn't take a phone from me. They didn't shake me down. They didn't even look for it. This was my radio." (*Id.*) The hearing officer found Perez guilty and imposed a sanction of 15 days lost earned time credits, to be suspended contingent on Perez remaining free of other disciplinary violations for a six-month period. (*Id.*) Perez appealed to the facility head and the final reviewing authority, but his appeals were denied. (DE's #5-5 & #5-6.) The suspended credit time sanction was later imposed when Perez was again found guilty of unauthorized possession of an electronic device in March 2010. (DE #5-9.)

## DISCUSSION

When prisoners lose earned time credits in prison disciplinary hearings, the Fourteenth Amendment Due Process Clause guarantees

them certain procedural protections: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the hearing officer's determination. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Perez raises five claims in his petition: (1) he was denied the right to present evidence; (2) he was denied an impartial decision-maker; (3) he did not get proper written notice of the hearing; (4) the hearing officer's findings of fact were inadequate; and (5) he was denied a meaningful appeal. (DE #1 at 3-4.)

Claims one and two are both premised on Perez's alleged inability to speak English fluently. He asserts that the hearing officer deprived him of due process by refusing to let him have another inmate act as an interpreter during the hearing, which prevented him from properly communicating with her and presenting a defense. (DE #1 at 3-4.) The respondent argues that these claims are defaulted because Perez failed to raise them in the administrative review process. (DE #5 at 5, 8-9.)

3

Principles of exhaustion that apply to federal review of criminal convictions also apply to review of prison disciplinary proceedings. *See Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Markam v. Clark*, 978 F.2d 993, 994-95 (7th Cir. 1992). Before filing a federal habeas petition challenging a disciplinary proceeding, a prisoner must take all available administrative appeals, and must raise in those appeals any issue on which he seeks federal review. *Eads*, 280 F.3d at 729. An inmate's failure to properly exhaust his claims in the state administrative process precludes a federal court from reviewing those claims on the merits. *Id.; Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002).

Here, Perez had the assistance of an interpreter in filing his administrative appeal. (*See* DE #1 at 5.) He raised several cogent arguments in support of his appeal, but he did not raise any claim pertaining to language difficulties at the hearing. (*See* DE #5-5.) In his traverse, Perez does not respond to the respondent's argument about default, and instead continues to argue his claims on the merits. (*See* DE #8.) Because Perez did not properly exhaust any claims pertaining to language difficulties, however, these claims cannot be reached on the merits. Perez's motion (DE #9) seeking discovery from the hearing officer about her knowledge of his language difficulties and related information is **DENIED**.

Within claim two, Perez also asserts that the hearing officer was not impartial because she did not properly consider his

4

defense. (DE #1 at 3.)  He properly exhausted this aspect of his claim.  (DE #5-5.)  Adjudicators in the prison disciplinary setting are entitled to a presumption of honesty and integrity, and the constitutional standard for impermissible bias is high.  *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir. 2003).  Due process is violated when officials who are directly or substantially involved in the factual events underlying the disciplinary charges, or the investigation thereof, also serve on the disciplinary board.  *Id.; Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995).

Here, Perez does not assert that the hearing officer was involved in the underlying charge, but rather that she was biased because she rejected his defense "as if trivial."  (DE #1 at 3.)  This is not the type of impermissible bias needed to establish a due process violation.  Furthermore, the hearing officer was not required to credit Perez's denials of wrongdoing or prove guilt beyond a reasonable doubt.  *Moffat*, 288 F.3d at 981.  She was entitled to credit the statement of the guard.  Perez has failed to establish a due process violation, and therefore this claim is **DENIED**.

Although it is not entirely clear, Perez may also be claiming that there was insufficient evidence to support a guilty finding.  (*See* DE #1 at 3.)  In reviewing a disciplinary determination for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness

5

credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The court will overturn the hearing officer's decision only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994).

In this case, there is ample evidence to support the hearing officer's determination. The conduct report written by Officer Foster, in which he stated that he saw Perez talking on a cell phone, is sufficient evidence by itself. *Moffat*, 288 F.3d at 988 (witness statements constituted some evidence); *McPherson*, 188 F.3d at 786 (7th Cir. 1999) (conduct report alone provided some evidence to support disciplinary determination). Although Perez denies that he had a cell phone and attacks the credibility of Officer Foster as a witness, it is not the province of this court to reweigh the evidence or determine the credibility of witnesses. *McPherson*, 188 F.3d at 786. Because there is some evidence to support the hearing officer's determination, the claim is **DENIED**.

Perez next claims that he did not get proper notice of the disciplinary hearing because the notice did not inform him "what

day it would be heard."[1] (DE #1 at 4.)  Due process requires that an offender receive written notice of the charges at least 24 hours before the hearing.  *Wolff*, 418 U.S. at 566.  The basic purpose of the notice is "to inform [the prisoner] of the charges and to enable him to marshal the facts and prepare a defense." *Whitford*, 63 F.3d at 534.  To that end, the notice must include "the number of the rule violated . . . and a summary of the facts underlying the charge."  *Id.*

Here, Perez received much more than 24 hours notice, since he was notified of the charges on December 4, 2009, and the hearing did not occur until December 9, 2009.  (DE's #5-2 & #5-4.)  The notice included the number of the rule violated, and the conduct report contained more than enough detail about the incident to enable him to prepare a defense.  (See DE #5-1.)  The record shows that Perez did in fact mount a defense, albeit unsuccessfully; he claimed that the object Officer Foster saw him with was a radio and not a cell phone.  (*See* DE #5-5.)  Contrary to Perez's assertion, he did not have a right under *Wolff* to be notified as to the specific date the disciplinary hearing would occur.  The notice Perez received satisfied due process, and therefore his claim is **DENIED**.

---

[1] To the extent Perez is also claiming that the notice was inadequate due to his lack of proficiency in English (*see* DE #1 at 4), this claim is procedurally defaulted for the same reasons stated with respect to claims one and two.

7

Perez next claims that the hearing officer's written statement was inadequate. A prisoner is entitled to a written statement by the fact-finder of the evidence relied on and the reasons for the determination. *Wolff*, 418 U.S. at 566. The written statement requirement is "not onerous." *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007). Instead, "[t]he statement need only illuminate the evidentiary basis and reasoning behind the decision." *Id*.

Here, it is not clear exactly why Perez believes the statement was inadequate. He states that the hearing officer violated his due process rights because she "did not write exactly what she is claiming was a determining 'fact' that Perez had possession of a cell phone . . . ." (DE #1 at 4.) However, the hearing officer stated what evidence she was relying on in reaching her decision, specifically, staff reports and Perez's own statement. (DE #5-5.) In explaining the reason behind her decision she stated as follows:

> I believe the conduct report is clear. I think the officer would know if the offender was talking on a cell phone or not. He stated the offender threw the phone and he was unable to find it. Therefore I find him guilty.

(DE #5-5.) Although this statement was not lengthy, it adequately articulated her reasoning; it is clear that she chose to credit the officer's statement that he saw Perez talking on a phone, rather than Perez's assertion that he was only listening to a radio. The written statement provided to Perez satisfied due process, and therefore this claim is **DENIED**.

Perez's final claim is that he was denied a meaningful appeal because the final reviewing authority's response was essentially a form letter identical to the response given to other inmates. (DE #1 at 4.) *Wolff* does not guarantee prisoners any type of appeal rights, however, and so this claim does not present a basis for granting federal habeas relief.

CONCLUSION

For the reasons set forth above, the Court:

(1) **DENIES** the petition (DE #1); and

(2) **DENIES** the motion for discovery (DE #9).

**DATED: December 2, 2010**              **/s/RUDY LOZANO, Judge**
                                         **United States District Court**